**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MICHAEL D. SMITH,

Plaintiff,

v.

THE ST. PAUL FIRE & MARINE INSURANCE CO.,

Defendant.

Civil No. 02-428 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

---

John F. Bonner, III and Thomas F. DeVincke, BONNER & BORHART LLP, Suite 1500 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402, for plaintiff.

Charles F. Webber, FAEGRE & BENSON LLP, 220 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for defendant.

Plaintiff Michael D. Smith ("Smith"), a physician, has filed suit against defendant The St. Paul Companies, his medical malpractice insurance carrier, alleging breach of contract and estoppel. This matter came before the Court on Smith's motion for a temporary restraining order. The Court granted the motion to preserve the status quo until it could hear argument on the question of jurisdiction.

FILED MAR 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## BACKGROUND

Smith was a defendant in a 1996 medical malpractice lawsuit. He elected to settle that lawsuit, and defendant, as his insurer, agreed to pay the settlement amount, and promised not to report Smith to the National Practitioner's Databank ("the Databank"). The Databank is a federally-created organization that gathers information on medical malpractice payments and other matters affecting the status of medical professionals. *See* 18 U.S.C. § 11131; 45 C.F.R. pt. 60 (2002). Upon reaching this agreement with defendant, Smith settled the malpractice lawsuit in 1997. On February 21, 2002, defendant informed Smith that a federal statute, the Health Care Quality Improvement Act of 1986, 18 U.S.C. § 11131, required defendant to report Smith to the Databank after all. Smith sued defendant, claiming that reporting him would breach their 1997 agreement.

## ANALYSIS

The Court must first determine whether it has subject-matter jurisdiction over this case. Clearly, there is no diversity jurisdiction because both Smith and defendant are citizens of the state of Minnesota. *See* 28 U.S.C. § 1332. Thus, the Court must determine whether Smith's Amended Complaint pleads any action arising under federal law. *See* 28 U.S.C. § 1331. For the reasons stated herein, the Court determines that federal subject-matter jurisdiction does not exist in this case.

Smith contends that there is jurisdiction because his right to relief may "necessarily depend on the resolution of a substantial question of federal law." *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921). Although Smith may be

correct that his Amended Complaint "implicates" a federal statute, this is not sufficient to create federal question jurisdiction. Smith accurately quotes the Supreme Court's decisions in *Kansas City Title & Trust* and *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1 (1983). Smith's citation to one portion of *Franchise Tax*, however, neglects the holding in that case, and in so doing ignores a fundamental doctrine of federal jurisdiction, the "well-pleaded complaint rule." *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Crews v. General Amer. Life Ins. Co.*, 274 F.3d 502, 504-05 (8th Cir. 2001). Under this rule, a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Mottley*, 211 U.S. at 152. Thus, "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise." *Franchise Tax Bd.*, 463 U.S. at 10 (1983).

Smith's complaint notes that defendant breached the contract because federal law required it to report him to the Databank. These facts are highly similar to those in the seminal *Mottley* case, which originated the well-pleaded complaint rule. In *Mottley*, plaintiffs sued a railroad for breaching its contract to provide plaintiffs with a lifetime free train pass. 211 U.S. at 150. Plaintiffs' complaint stated that the railroad refused to renew the pass because of an intervening federal statute that prohibited free passes. *Id.* at 151. Plaintiffs argued that the statute did not, in fact, prohibit their passes. *Id.* As in

*Mottley*, Smith's complaint here does not state a federal cause of action;[1] the only federal issue in this case arises on defense.

The *Franchise Tax* case also undermines plaintiff's ability to obtain jurisdiction by adding a claim for declaratory judgment[2] in his amended complaint. *Franchise Tax* explicitly held that the well-pleaded complaint rule applies to actions for declaratory judgment. *Franchise Tax*, 463 U.S. at 18-19; *State of Missouri ex rel. Missouri Hwy. & Trans. Comm. v. Cuffley*, 112 F.3d 1332, 1335 (8th Cir. 1997). Although actions for declaratory judgment like Smith's may seem to qualify for federal question jurisdiction under the language he cites from *Kansas City Title & Trust*,[3] the Supreme Court held in *Franchise Tax* that permitting jurisdiction on this basis would evade the well-pleaded complaint rule by granting federal jurisdiction any time a plaintiff requested declaratory judgment. 463 U.S. at 18. *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673-73 (1950) (stating that it would "distort the limited procedural purpose of the Declaratory Judgment Act" to permit parties to evade the well-pleaded complaint rule through "artful pleading").

To properly evaluate whether an action for declaratory judgment asserts only a defense to a state action, the Court must examine "the character of the [state] action, and

---

[1] Defendant correctly notes that the Health Care Quality Improvement Act provides for no private right of action, particularly for physicians. *Wayne v. Genesis Med. Ctr.*, 140 F.3d 1145, 1148 (8th Cir. 1998); *Brown v. Med. College of Ohio*, 79 F. Supp. 2d 840, 844-46 & n.2 (N.D. Ohio 1999); *Simpkins v. Shalala*, 999 F. Supp. 106, 117 (D. D.C. 1998).

[2] *See* 28 U.S.C. § 2201.

[3] In 1921 the Supreme Court held in *Kansas City Title & Trust* that federal courts have federal question jurisdiction whenever "it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States." *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921).

not of the defense." *Public Service Comm. of Utah v. Wycoff Co.*, 344 U.S. 237, 248-49 (1952); *Cuffley*, 112 F.3d at 1335. Put another way, the Court must "look to see what sort of traditional damage or coercive action" could come out of this lawsuit. *Cuffley*, 112 F.3d at 1335. "If, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Id.* (quoting Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 10B *Federal Practice & Procedure: Federal Rules of Civil Procedure* § 2767 (2d ed. 1983)).

In the present case, the character of the state action is clearly a simple breach of contract and estoppel case. The only federal issue that Smith raises here – the Health Care Quality Improvement Act – is merely a defense to these state-law claims. Therefore, the Court finds that federal question jurisdiction is not present, and the case must be dismissed. *See* Fed. R. Civ. P. 12(b)(1).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's amended complaint [Docket No. 7] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 12, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*